**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JEFRI TRIGNO, | No. 07-74784 |
| Petitioner, | Agency No. A095-630-082 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2010[**]

Before:    TASHIMA, BERZON and CLIFTON, Circuit Judges.

Jefri Trigno, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's decision denying his application for asylum, withholding of removal, and

protection under the Convention Against Torture ("CAT"). We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

under 8 U.S.C. § 1252.  We review for substantial evidence factual findings, *Tekle v. Mukasey*, 533 F.3d 1044, 1051 (9th Cir. 2008), and we deny the petition for review.

In his opening brief, Trigno fails to challenge the agency's dispositive determination that his asylum claim is time-barred.  *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues that are not addressed in the argument portion of a brief are deemed waived).

Substantial evidence supports the agency's adverse credibility determination based on inconsistencies regarding the only incident of physical harm that Trigno allegedly suffered in Indonesia.  *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005) (concluding the discrepancies about number of persecutors and date of incident were significant because they involved one of the few interactions between the petitioner and her persecutors); *Rivera v. Mukasey*, 508 F.3d 1271, 1275 (9th Cir. 2007) (adverse credibility finding supported where hearing revealed numerous instances in which petitioner attempted to explain inconsistencies and IJ found explanations insufficient).  Accordingly, Trigno's withholding of removal claim fails.

Because Trigno's CAT claim is based on the testimony the agency found not credible, and he points to no other evidence to show it is more likely than not he

would be tortured if returned to Indonesia, his CAT claim also fails. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156-57 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**